# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SHANE BROOKS,

    Plaintiff,

v.

RENEE BAKER, et al.,

    Defendants.

Case No. 3:15-cv-00449-RCJ-VPC

**Order**

This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner. On February 12, 2016, the Court issued an order dismissing the complaint with leave to amend and directed Plaintiff to file an amended complaint within thirty days. (ECF No. 4 at 11-12). Plaintiff has filed an "emergency motion" requesting an extension to file his amended complaint. (ECF No. 7).

    **A)**    **Request for Extension**

In his motion, Plaintiff asserts that he believes his complaint set out details necessary to support his civil rights violation allegations. (*Id.* at 2). The Court provided analysis and conclusions in its original screening order specifying the deficiencies in Plaintiff's complaint. (*See generally*, ECF No. 4). Plaintiff was granted leave to correct those deficiencies in an amended complaint. (ECF No. 4 at 11-12). Plaintiff seeks to amend his complaint, but asserts that he cannot amend the complaint because necessary exhibits are not currently in

his possession. (ECF No. 7 at 8).

Plaintiff need not attach exhibits in order to state a colorable claim for relief. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. Of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claim lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios).

*See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

Plaintiff need only provide a "short and plain statement of the claim showing that [he] is entitled to relief," and present allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8(a), (d). As such, Plaintiff need not provide detailed exhibits, and should focus on addressing the deficiencies identified by the Court in its initial screening order.

### B) Separate Constitutional Claims

Plaintiff alleges a due process claim, an unconstitutional conditions of confinement claim, and a violation of access to the courts claim in his emergency motion, and he asks injunctive relief in the form of a court order directing defendants to return property he deems illegally withheld. (ECF No. 7 at 3-11). Plaintiff's claims should be submitted in the form of a separate complaint detailing the violations and his request for relief.

### C) Lack of Paper

Plaintiff notes that he had to borrow stationary from another inmate in order to write his motion and asserts that he had to file an emergency motion due to his lack of legal supplies. (ECF No. 7 at 13). The Court finds Plaintiff was able to file his fourteen page motion before the thirty day deadline set by the Court in its initial screening order. Moreover, the Court will resend the approved form for filing a § 1983 complaint, which will enable Plaintiff to comply with this order and file his amended complaint.

### D) Leave to Amend

Plaintiff is granted leave to file an amended complaint to cure the deficiencies of the complaint. If Plaintiff chooses to file an amended complaint he is advised that an amended complaint supersedes the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a

plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff must file the amended complaint on this Court's approved prisoner civil rights form and it must be entitled "First Amended Complaint."

The Court hereby provides Plaintiff an additional thirty (30) days to file his amended complaint. If Plaintiff chooses not to file an amended complaint curing the deficiencies stated in the initial screening order, this action shall be dismissed.

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Plaintiff's emergency motion (ECF No. 7) is granted in part and denied in part.

IT IS FURTHER ORDERED that Plaintiff shall file his amended complaint within thirty (30) days from the date of entry of this order. No further extension shall be provided.

IT IS FURTHER ORDERED that the Clerk of the Court shall send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, a copy of his original complaint (ECF No. 5), and a copy of the Court's initial screening order (ECF No. 4). If Plaintiff chooses to file an amended complaint, he must use the approved form and he shall write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

IT IS FURTHER ORDERED that if Plaintiff chooses not to file an amended complaint curing the stated deficiencies of the complaint, this action shall be dismissed.

IT IS FURTHER ORDERED that Plaintiff's request for the Court to order defendants to return property he deems illegally withheld is DENIED.

DATED this 6th day of April, 2016.

_____
United States District Judge